IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CLAUD E. BODDIE, JR. and BEVERLY BODDIE                                    PLAINTIFFS

VS.                                                          CAUSE NO: 4:16-CV-209-MPM-JMV

CEDRIC WALKER, MARY HAYWOOD
and STATE FARM INSURANCE COMPANY                                          DEFENDANTS

## ORDER

Defendant State Farm has filed a motion for partial summary judgment in the above-entitled action, arguing that plaintiffs are not entitled to recover punitive damages against it. Plaintiffs Claud and Beverly Boddie have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the issue of punitive damages would be best addressed at trial, in the event that the jury renders a compensatory damages verdict against State Farm. Defendant's motion for summary judgment will thus be dismissed without prejudice to the arguments therein being asserted at trial.

This is, *inter alia*, an uninsured motorist ("UM") action arising out of a September 3, 2013, automobile accident between Plaintiff Claud E. Boddie, Jr. and Defendant Cedric Walker which occurred on Highway 61 in Cleveland. Following the accident, Mr. Boddie made a claim for UM benefits with his auto insurance carrier State Farm, and the handling of his claim was assigned to State Farm Claim Specialist Gina Robertson. Robertson initially confirmed coverage, then she focused on determining who should be considered at fault for the accident. In

1

contending that Robertson failed to timely investigate the accident, plaintiffs argue that:

> Further, on September 27, 2013 at 12:44 p.m., Ms. Robertson, made note of the existence of two (2) witness statements provided to her by Plaintiff, BODDIE. Ms. Robertson notes that she would follow up with both witnesses. As of the present date, Defendant, STATE FARM INSURANCE, have made no effort to reasonably and adequately investigate Plaintiffs', CLAUD E. BODDIE's and BEVERLY BODDIE's, claim. Defendant, STATE FARM INSURANCE, did not contact or attempt to contact witnesses that were mentioned, provided and/or witnesses and information that was easily accessible to Defendants.

[Plaintiff's brief at 3].

In their brief, plaintiffs takes particular issue with Robertson's failure to interview Kwame Cleveland, an eyewitness to the accident, writing that:

> Defendant, STATE FARM INSURANCE, had various sources of information readily available to its adjuster, Gina Robertson. Plaintiff, CLAUD E. BODDIE, provided the name of two (2) witnesses. One of those witnesses, Kwame Cleveland, was actually employed at the gas station where the incident took place. Mr. Cleveland was an eye witness to the accident and saw the events that took place. As stated in his attached affidavit, Mr. Cleveland, gives the same account of the events as stated by Plaintiff, CLAUD E. BODDIE. Mr. Cleveland notes that the red car driven by Defendant, CEDRIC WALKER, was driving at an excessive rate of speed and switched from the left lane to the right lane and hit Plaintiff, CLAUD E. BODDIE, in the rear of his vehicle. Further Mr. Cleveland states that he provided his information as a witness, but was never contacted to give a statement.

[Plaintiff's brief at 8].

In rebuttal, State Farm notes that Robertson made a number of inquiries *vis a vis* the claim, and it argues that the possibility that she might have "left some stones unturned" is insufficient to establish a claim for punitive damages. Specifically, State Farm argues that:

> Plaintiffs' real complaint is not that State Farm failed to investigate but that it left some stones unturned. Plaintiffs argue State Farm should have accepted the written account of Mr. Cleveland then taken the additional step of taking his recorded statement. In support, they offer an affidavit executed by Mr. Cleveland in which he attests that no one from State Farm contacted him to take his

2

> statement. What Plaintiffs fail to recognize is that an insurer is "not required to disprove all possible allegations made by a claimant. They are simply required to perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation." *Liberty Mut. Ins. Co. v. McKneely*, 862 So.2d 530, 535 (Miss. 2003). Furthermore, Mr. Cleveland's testimony is irrelevant for purposes of the present motion since it fails to shed light on whether State Farm had an "arguable reason" for its decision. At best, Mr. Cleveland's initial written account and subsequent affidavit of represent some "evidence to the contrary" and are therefore insufficient to forestall summary judgment on the issue of bad faith.

[State Farm reply brief at 4-5 (some citations omitted)].

In considering these issues, this court emphasizes that Mississippi's punitive damages statute provides for mandatory bifurcation of punitive damages issues at trial. Specifically, Miss. Code Ann. § 11-1-65(1)(c) provides that "[i]f, but only if, an award of compensatory damages has been made against a party, the court shall promptly commence an evidentiary hearing to determine whether punitive damages may be considered by the same trier of fact." This court notes that one arguable interpretation of this statute is that the "shall" language *requires* an evidentiary hearing on punitive damages to be held in the event that such damages are sought and an award of compensatory damages is entered against the defendant at trial. And, indeed, the Mississippi Supreme Court concluded in a 2006 decision that the § 11-1-65 procedure must be "meticulously" followed, writing that:

> Importantly, our punitive damages statute mandates the bifurcation of the issues of liability/compensatory damages and punitive damages. The statute requires that evidence concerning punitive damages be presented separately at a subsequent evidentiary hearing to take place, if and only if, the jury has awarded some measure of compensatory damages. Thus, the detailed procedure which is outlined above must be meticulously followed because, without an evidentiary buffer at trial, juries will ultimately confuse the basic issue of fault or liability and compensatory damages with the contingent issue of wanton and reckless conduct which may or may not ultimately justify an award of punitive damages.

3

*Bradfield v. Schwartz*, 936 So. 2d 931, 938 (Miss. 2006).

*Bradfield* has not been overruled, but it is unclear to this court just how stringently the Mississippi Supreme Court would apply it. For example, it is unclear to this court whether the Supreme Court would reverse a trial court's pretrial grant of summary judgment on the punitive damages issue, as being a violation of § 11-1-65 as interpreted in *Bradfield*. This court has some doubts whether *Bradfield* would be enforced as strictly as that, and it is of the view that resolving these issues at the summary judgment stage can be of benefit, in certain cases where the issues are particularly clear. As a general matter, however, this court concludes that the most prudent course of action is to strictly follow the procedure outlined in § 11-1-65(1)(c) and leave the issue of punitive damages for trial, in the event that an award of compensatory damages is entered against the defendant. This court will follow this general approach in this case, and it will therefore dismiss State Farm's motion for summary judgment without prejudice to the arguments therein being raised at an evidentiary hearing at trial, should such a hearing prove necessary.

It is therefore ordered that State Farm's motion for partial summary judgment is dismissed without prejudice.

So ordered, this, the 21st day of November, 2017.

/s/ Michael P. Mills
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI